**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Vermont Environmental Board,
Plaintiff

    v.

Lawrence W. and Barbara Young,
Respondents.

}
}
}    Docket No. 97-6-01 Vtec
}
}

### Decision and Order on Motion to Amend

On February 5, 2002, the Court issued its ruling on the merits of this matter, except for the alleged violation due to the use of the property by Respondent= s son Lawrence W. Young, Jr., on which the Court ruled material facts were in dispute. The Environmental Board has moved to alter the decision on the merits; the Board has also withdrawn its claim regarding the use of the property by Respondent= s son.

The Board is understandably concerned that the February 5, 2002 decision not be read to allow parties to go beyond the terms of permit conditions to interpret the meaning of those conditions. However, it was just because of this concern that the Court was careful to state, in footnote 1 in the February 5, 2002 decision, that:

A This decision is based on the incorporation of the private parties= Agreement into the Board= s decision, and does not address whether a condition similar in wording to Condition 5 might include the actions of an unrelated third party on a permittee= s property, in the absence of the language and definitions in the Agreement. @

The decision in the present case does not suggest that it is ever necessary or appropriate to go beyond an Act 250 permit decision to discern the intent of any party, whether the applicant, the Board or Commission, or a neighbor. Rather, in the present case, the permit decision specifically incorporated the private parties= agreement, and hence incorporated the definition of what it meant for Respondents to A cease using the site. @ It is this incorporation of the parties= agreement by reference into the permit decision that was dispositive in the present case. Because the parties= agreement was incorporated into the permit decision, the present case did not present the question of looking outside the permit for interpretation of its conditions, but rather presented the task of reconciling several different sections of the permit document.

Accordingly, the motion to alter is denied; however, the present order should be read together with the February 5, 2002 order as a clarification of the issue.

Done at Barre, Vermont, this 29th day of March, 2002.

_____
Merideth Wright
Environmental Judge